UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARK TULL,                                    :
                                              :
    Petitioner                                :
                                              :
    v.                                        : CIVIL NO. 3:CV-02-0592
                                              :
DONALD T. VAUGHN,                             : (Judge Kosik)
                                              :
    Respondent                                :

## O R D E R

**NOW, THIS 21st DAY OF OCTOBER, 2005,** upon consideration of the facts that: (1) presently pending is the above petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254; (2) a response addressing the merits of the petition was filed by Respondent on June 8, 2005 (Doc. 26); (3) one of the arguments addressed by Respondent is with regard to Petitioner's challenge to the search warrant; (4) Respondent contends that such challenge is not cognizable in habeas review pursuant to the principles announced in the case of Stone v. Powell, 425 U.S. 465 (1976); and (5) Respondent fails to cite to and/or submit any exhibits which would establish that this Fourth Amendment issue was addressed by the state courts via pre-trial suppression motion/hearing or addressed on appeal by the Pennsylvania Superior Court, **IT IS HEREBY ORDERED THAT** within ten (10) days from the date of this Order, Respondent shall submit support for this argument to the court. Absent exigent circumstances,

no extension of time will be granted with regard to this directive.[1]  The Clerk of Court is further directed to serve a copy of this Order on the Luzerne County District Attorney's Office by certified mail.

                                                s/Edwin M. Kosik
                                                United States District Judge

EMK:lq

---

[1] The following is the response to Tull's Fourth Amendment argument in its entirety:

> The Petitioner's next claim is a challenge to the validity of the search warrant filed against him in order to seize the evidence that was used at his trial.  This claim amounts to a challenge to the evidence under the exclusionary rule of the Fourth Amendment to the United States Constitution.  Fourth Amendment exclusionary rule claims are cognizable on federal habeas corpus review only if there has been no opportunity for full and fair litigation of the claim in the state courts.  <u>Stone v. Powell</u>, 425 U.S. 465 (1976).  The Petitioner's challenge to the search warrant is such a noncognizable Fourth Amendment claim.  Accordingly, this claim should be dismissed and not reviewed on its merits.

(Doc. 26, Resp. at 8.)  This conclusionary-type response, without analysis or citation to the supporting parts of the record is deficient and unacceptable to the court.  As such, Respondent will be provided ten (10) days within which to support said argument.