UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARK TULL,                                  :
                                            :
       Petitioner                           :
                                            :
  v.                                        : CIVIL NO. 3:CV-02-592
                                            :
DONALD T. VAUGHN,                           : (Judge Kosik)
                                            :
       Respondent                           :

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

     Petitioner Mark Tull filed this habeas corpus action on April 9, 2002, pursuant to 28 U.S.C. § 2254.  A Memorandum and Order was issued by the court on November 10, 2005, fully setting forth the procedural history and factual background of this case.  In the November 10, 2005 Memorandum and Order, the court addressed each of the claims set forth in the petition and found them to be without merit.  The Clerk of Court was thereafter directed to close this case. On November 14, 2005, Tull filed a document entitled "Motion Seeking Sanction(s) Against Respondent's Attorneys."  (Doc. 41.)  In the motion, Tull claims that sanctions should be imposed against the Respondent in this action due to his failure to serve appropriate copies on him and because he repeatedly submitted incomplete and/or defective filings in this action.

The court certainly agrees with Petitioner that Respondent could have prepared more thorough filings in this case.  However, the court is unclear as to which of Respondent's submissions Petitioner failed to receive.  The docket reflects that following the response filed in this action on May 29, 2002, Petitioner submitted a traverse on June 10, 2002.  Following the remand of this matter from the Third Circuit, a response addressing the merits of the petition was filed by Respondent on June 8, 2005.  A traverse was subsequently submitted by Petitioner on July 21, 2005.  The record thereby indicates that Petitioner has received Respondent's filings because he has responded thereto.  The court is therefore unsure what documents Petitioner claims were never served upon him.  He clearly received the responses in this matter as he responded to the arguments raised by Respondent.

In any event, the merits of Petitioner's claims have been addressed by the court and found to be without merit.  Even though Respondent's submissions may have been lacking in quality, there is no basis for the issuance of sanctions in this matter.  No prejudice has resulted to Petitioner, and his claims were thoroughly addressed by the court.

**ACCORDINGLY, THIS 15th DAY OF NOVEMBER, 2005,** Petitioner's motion for sanctions (Doc. 41) is **denied**.

s/Edwin M. Kosik  
United States District Judge